JOHN HAMILTON, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

**Injuring Employe of Railroad: HAND CAR.** As a section man and his fellow workmen were preparing to start home on the hand car, he stepped upon it and put his hand into the tool-box to deposit his mittens, through an opening in which machinery moved, though there were openings in which it did not move. One of the men started the car without orders from the foreman, and so injured plaintiff's hand. None of them knew plaintiff's peril when the car was started. *Held*, plaintiff could not recover.

SAME. The car was constructed like all others of the same make. *Held*, that the injury was not due to a defective construction.

*Appeal from Appanoose District Court.*—HON. W. I. BABB, Judge.

TUESDAY, DECEMBER 18, 1894.

Action to recover damages for a personal injury. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

The negligence charged against the defendant company is thus set forth in the petition: "That on or about the third day of March, A. D. 1892, the plaintiff

was an employe of the defendant, and was engaged in the hazardous occupation of operating, with other employes, defendant's railway in said county of Appanoose; that on said date, while the plaintiff was using due care and caution on his part, engaged, as aforesaid stated, in hazardous occupation of operating a railway, engaged as a section hand, plaintiff got on the handcar, and while in the act of putting his mittens in the box on the hand-car, commonly called the 'supply box,' for the purpose of being more able to propel, and before he could withdraw his hand, his coemployes, Geo. W. Steward, section boss, Frank Nicholson and Robert Coleman, coemployes, or one of them, without using any care, negligently started said hand-car and said section boss negligently permitted said car to be started, on which plaintiff was standing, and before plaintiff could withdraw his hand that the said coemployes, without using any care, negligently started said car as aforesaid; that the said coemployes, by the exercise of ordinary care, could have seen plaintiff, and could have seen his position if they did not see him; that said hand-car was started, as aforesaid, while the plaintiff was in the act of withdrawing his hand, and the rod passing up through said supply box on said car and the joint or knuckles on said rod, by reason of starting said car, caught plaintiff's hand and wrist, and forced the same against the woodwork of the car, or side or end of the supply box, and crushed and mangled the hand and wrist of plaintiff, and injured the same so that the plaintiff will never have the use of said hand; and by reason of said injury, plaintiff has been permanently injured." Plaintiff alleges that he was not negligent. In an amendment he charges the defendant with negligence in starting or permitting the car to be started; that the car was defectively constructed, of which fact the plaintiff had no knowledge. The

defendant denies all of the allegations of the petition and amendment, and avers that plaintiff contributed to the injury. After plaintiff rested, the defendant moved for a verdict, which motion was sustained, and a verdict returned accordingly, from which ruling the appeal is prosecuted.

*Geo. D. Porter* for appellant.

*Cummins & Wright* and *Vermillion & Vermillion* for appellee.

Kinne, J.—Counsel argue at length the question as to whether the plaintiff in this case is within the protection of Code, Section 1307. In our judgment, a determination of that question is not important, as the injury for which recovery is sought was wholly accidental. The evidence fails to show any negligence on part of the defendant. It is therefore not material to inquire as to the plaintiff's negligence. The charges of negligence, in brief, are: In starting or ordering the car started; in using a car defectively constructed. Without attempting to set out the evidence, we may state the substance of it. It is difficult to describe the hand-car in question, and the manner of its construction, so that the manner in which the accident happened may be understood. Plaintiff received the injury to his hand and arm while attempting to put his mittens into a tool box. It appears that the car was constructed so that boards were nailed at the side of the frame supporting and inclosing the lever machinery, about eight inches in height, leaving openings at the sides; and a board was nailed in front of the lever frame, leaving just room enough for the working of the machinery which operated the lever. This box, so made, was used by the section men as a place to put tools which were used by them on the road in their

work.    While the space in front was only large enough
for the working of the machinery, the space at the side
was quite large, and there was no danger attending the
depositing of articles in the box through this side open-
ing.    Plaintiff and the other section men had finished
their day's work.    Most of the tools had been placed
upon the car.    One other employe besides plaintiff was
standing upon the car, and this man was facing plaint-
iff.    The other men stood upon the ground near the car,
and the foreman had one foot upon the car, being in the
act of getting upon the car when the accident hap-
pened.    After stepping upon the car, plaintiff took off
his mittens, intending to put them in the tool box, and,
instead of putting them in at the side, he put his hand
in below the cog or knuckle and other ironwork which
works the lever, and, while his hand was in there, the
other man on the car started it.    The movement of the
car caused the lever to move, and the knuckle of the
lever to come forward, catching plaintiff's hand
between it and the board which ran up in front of the
lever frame, thereby inflicting a painful and serious
injury to his hand and arm.    The evidence, as we view
it, shows without conflict that the section foreman
gave no directions at all as to moving the car, and that
he did not know of the situation of plaintiff's hand at
the time it was injured.    So, without conflict, it
appears that neither the man upon the car nor any of
his associates who were standing upon the ground
knew of plaintiff's peril.    Plaintiff himself testifies
that he supposes that Coleman, the man on the car, did
not see where plaintiff's hand was at the time he (Cole-
man) moved the car, and there is no evidence which can
be said to tend to show that any of the men either saw
that plaintiff's hand was in a place of peril prior to the
injury, or that there was anything in the circumstances
surrounding the injury which should be held to have

caused any of the parties to have anticipated that plaintiff's hand was or might be in a place by reason of which it would be dangerous to move the car. The car was started in the usual way. The employes were through with their work, and all must have expected that the car would soon be started. It seems to have been one of those unfortunate and not to be anticipated accidents, for which defendant is not responsible. There is, we think, no evidence whatever of any negligence on part of the defendant in causing or permitting the car to be moved under the circumstances.

It is, we think, equally clear that the charged negligent construction of the car was not established. It was shown that these hand-cars were made in different ways, and that different makes were used on some of the railroads. The car seems to have been constructed as were all others of a like make. The evidence on this point was not of such a character as to warrant the conclusion that the car was in any wise defective in its construction.

No negligence having been shown on part of the defendant, there can be no recovery. The District Court properly directed a verdict for the defendant.— *Affirmed.*